**JAY–EL BEVERAGES, INC., a corporation, Plaintiff-Appellant,**

v.

**MILLER BREWING COMPANY, a corporation.**

**No. 71–1406.**

United States Court of Appeals, Third Circuit.

Argued April 3, 1972.

Decided May 31, 1972.

Harold H. Fisher, Shanley & Fisher, Newark, N. J., for appellant.

Stephen E. Barcan, Wilentz, Goldman & Spitzer, Perth Amboy, N. J., for appellee.

Before SEITZ and HASTIE, Circuit Judges and McCUNE, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

Appellant, Jay El Beverages, Inc. appeals the grant by the district court of Miller Brewing Company's motion for summary judgment.

Appellant was a distributor for appellee's beer in an area of southern New Jersey from December, 1950 to December, 1962 when Miller gave notice terminating the distributorship. The relationship of the parties was governed, initially by an informal agreement, the terms of which were set forth in a letter from Miller dated January 19, 1951. In September of 1952 the relationship was formalized by the execution of an agreement called "Standard Conditions of a Miller Distributorship." This rather detailed instrument is described by its own terms as ". . . the entire understanding of the parties and supersedes all previous arrangements and agreements of the parties . . ." With regard to terminations the writing provided:

> "Either party may terminate this agreement by giving the other notice in writing of his intention to do so at least three (3) days prior to the date of such proposed termination."

The instrument called "Standard Conditions of a Miller Distributorship" was replaced in 1954 by a less formal but equally detailed letter agreement. A stated purpose of the 1954 agreement was to eliminate confusion which might arise from oral agreements. It specifically stated that it was the entire understanding of the parties. As to termination it stated:

> "As is the custom in our industry these sales to you are made on a shipment to shipment basis only. Either of us can terminate this relationship at any time without incurring liability to the other."

We agree with the trial court that this unequivocal language precludes the use of parole evidence for purposes of interpretation. Either party had the right to terminate the arrangement at will without cause, see, Associated Beverages Co. v. P. Ballantine & Sons, 287 F.2d 261 (5th Cir.1961), and, Prince v. Miller Brewing Co., 434 S.W.2d 232 (Tex.Civ. App.1968).

The order of the trial court granting summary judgment for defendant is affirmed.